UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Herman Westly Rodgers, Jr., | Case No. 20-cv-306 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Navy, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Herman Westley Rodgers, Jr.'s Application to Proceeds in forma pauperis (hereinafter "IFP"). [Docket No. 4].[1]

For the following reasons, the Court recommends Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice**, and it is further recommended that Plaintiff's IFP Application, [Docket No. 4], be **DENIED as moot**.

Plaintiff is a Minnesota resident who at some point served in the U.S. Navy. (See, Compl., [Docket No. 1], at 4; Exhibit [Docket No. 4-1]). The Navy is sole Defendant named in this action. (See, Compl. [Docket No. 1]).

---

[1] Plaintiff submitted his original IFP application alongside the Complaint. (See, Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs [Docket No. 2]). Because it appeared from the information provided in his original IFP Application that Plaintiff did not financially qualify for IFP status, the Court denied Plaintiff's IFP Application. (Order [Docket No. 3]). However, because there was at least some indication that Plaintiff's financial status was in flux and because Plaintiff's initial IFP Application appeared incomplete, the Court permitted Plaintiff the opportunity to "submit a new, and fully complete, IFP application," if he believed he qualified for IFP status. (Order, [Docket No. 3], at 2). Instead of filing a new and complete application, Plaintiff submitted a variety of materials (documents and written responses to the Court's concerns) purporting to explain his financial situation. [Docket Nos. 4, 5]. The Clerk of Court docketed one of the filing as an Application to proceed in forma pauperis. [Docket No. 4]. It is not, however, the newly completed IFP Application Plaintiff was instructed to submitted. Instead, it is a handwritten page purporting to explain Plaintiff's income with an exhibit attached. Nevertheless, for purposes of this Report and Recommendation, the Court will treat it as an IFP Application.

In his Complaint, Plaintiff alleges that individuals affiliated with Naval Criminal Investigative Service (hereinafter "NCIS") accused him of stealing $50,000. (See, Id. at 4). Plaintiff alleges that as part of a related investigation, NCIS personnel "ransacked" his room and seized a chisel and hammer from his possessions. (Id.). Plaintiff avers that NCIS personnel "treated [him] like shit" and as "less than human," which he says "attributed to [his] PTSD" (i.e., post-traumatic stress disorder). (Id.). Plaintiff also alleges that NCIS is holding certain unspecified records of his. (Id. at 3). For relief, Plaintiff seeks "[a]ll [his] records from NCIS," as well as, "compensation for [his] PTSD." (Id. at 5).

Plaintiff did not pay this action's filing fee; instead, Plaintiff seeks permission to proceed IFP. (See, IFP Application [Docket No. 2]). After reviewing Plaintiff's new, relevant submissions, the Court concludes that he qualifies financially for IFP status.

However, an IFP application will be denied—and an action dismissed—when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor. See, e.g., Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed; but it must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The

complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, e.g., Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

For at least two reasons, both of which Plaintiff was previously forewarned, (Order [Docket No. 3]), this action cannot proceed. Thus, the Court recommends that the present action be **DISMISSED without prejudice**.

First—and most importantly—this Court lacks jurisdiction over this action. Plaintiff purports to sue the U.S. Navy, a federal-government agency. Case law is clear, however, that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see, Croyle v. United States, 908 F.3d 377, 381 (8th Cir. 2018) (citing Meyer). The Court is aware of certain such waivers—for instance, the Federal Tort Claims Act waives the federal government's sovereign immunity with respect to certain sorts of tort claims. But the Complaint does not point to any applicable waiver, and the Court is unaware of any waiver of sovereign immunity applicable to the present action. Sovereign immunity thus shields the U.S. Navy from Plaintiff's suit. Because sovereign immunity is jurisdictional in nature, this Court lacks jurisdiction over this action. Meyer, 510 U.S. at 475; Brown v. United States, 151 F.3d 800, 803 (8th Cir. 1998).

Second, even if this Court had jurisdiction over this action, however, it would still recommend dismissal on the merits. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint fails this test.

Plaintiff alleges that the NCIS "treated [him] like shit" and "treated [him] less than human," but it is far from clear just how the NCIS mistreated him. (Compl., [Docket No. 1], 4). The closest the Complaint comes on this score is suggesting that the NCIS seized a chisel and hammer from Plaintiff. However, this standalone allegation simply fails to explain how or why Plaintiff is entitled to relief.

Because the Court recommends this action's dismissal, it further recommends that the IFP Application, [Docket No. 4], be **DENIED as moot**.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Herman Westly Rodgers, Jr.'s Complaint, [Docket No. 1], be **DISMISSED without prejudice** for lack of jurisdiction; and

2. Plaintiff's IFP Application, [Docket No. 4], be **DENIED as moot**.

Dated: September 14, 2020         s/Leo I. Brisbois
                                  Hon. Leo I. Brisbois
                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).